# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BOWERS, | CASE NO. 1:11-cv-00996 GSA PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |
| v. | |
| C/O LEYVA, et al., | |
| Defendants. | |

## Screening Order

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Plaintiff's Claim**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CCI Tehachapi, brings this civil rights action against correctional officials employed by the CDCR at CCI Tehachapi. Plaintiff's claim stems from a disciplinary conviction he suffered. Plaintiff names as defendants Correctional Officer (C/O) Leyva, Lieutenant D. Randall and Associate Warden Steadman.

Plaintiff was charged with battery upon an inmate with a weapon. At Plaintiff's disciplinary hearing, he was given a Security Housing Unit (SHU) term and lost good time credits. Plaintiff alleges that his conviction is invalid because of false statements made by C/O Leyva. Plaintiff specifically alleges that Leyva made false statements that contradicted the written statements of other officers that Plaintiff was not near, or did not have access, to, the weapon used in the battery. Plaintiff alleges that his forfeiture of credits affected his release date.

**A. Disciplinary Process**

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can

demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. Here, Plaintiff's core factual allegation is that his conviction was obtained based upon false testimony. Because Plaintiff's claim necessarily implies the invalidity of his continued confinement as a result of his disciplinary hearing, his claim will not accrue until the conviction or sentence has been invalidated. Plaintiff has not alleged any facts indicating that his conviction has been reversed, expunged or otherwise invalidated. This claim must therefore be dismissed.

**B.     Supervisory Liability**

As to Defendants Lt. Randall and Associate Warden Steadman, Plaintiff must allege facts indicating that defendants holding supervisory positions, such as Randall and Steadman, personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has alleged no such facts in this case. Defendants Randall and Steadman should therefore be dismissed.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Specifically, Plaintiff has not alleged that his conviction has been invalidated on the ground that it was obtained based on false testimony. Plaintiff also fails to allege any personal involvement by the supervisory defendants .

Accordingly, Plaintiff is HEREBY ORDERED TO SHOW CAUSE, within thirty days of the date of service of this order, why this action should not be dismissed without prejudice to the filing of a petition for writ of habeas corpus. Plaintiff's failure to respond to this order to show cause will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 1, 2011**                            /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE